UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

LISSETTE BAMBACE,

      Plaintiff,

v.                                                                Case No. 8:26-cv-00268-JLB-NHA

CROWN ASSET MANAGEMENT,
LLC, and ANDREU, PALMA,
LAVIN & SOLIS, PLLC,

      Defendants.

_____/

## ORDER

Plaintiff Lissete Bambace moves for entry of Clerk's default against Defendant Crown Asset Management, LLC. Doc. 17. I grant the motion.

### I.    Background

Plaintiff sues Defendant Crown Asset Management, LLC ("Crown") under the Fair Debt Collection Practices Act and Florida state law, alleging Crown improperly debited Plaintiff's bank account without authorization and that Crown is vicariously liable for the deceptive conduct of a law firm it engaged to sue Plaintiff in state court.[1] Doc. 1. Plaintiff alleges she served

---

[1] Plaintiff also brings related counts against the law firm itself, Andreu, Palma, Lavin & Solis, PLLC. Doc. 1. Counsel for Defendant Andreu, Palma, Lavin & Solis, PLLC appeared and filed an answer in this case on March 2, 2026. Docs. 11, 12.

Defendant on February 6, 2026, by serving an employee of Crown's registered agent, but that Crown failed to answer or otherwise respond to the Complaint. Docs. 9, 17. Plaintiff seeks entry of Clerk's default against Crown. Doc. 17.

## II.    Applicable Law

"When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." FED. R. CIV. P. 55(a). However, "[i]n the absence of service of process (or waiver of service by the defendant), a court ordinarily may not exercise power over a party the complaint names as defendant." *Murphy Bros. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 350 (1999). And, "[g]enerally, where service of process is insufficient, the court has no power to render judgment." *In re Worldwide Web Sys., Inc.*, 328 F.3d 1291, 1299 (11th Cir. 2003).

Federal Rule of Civil Procedure 4(h)(1) governs the service of process on United States corporations, partnerships, and unincorporated associations and applies to service on limited liability companies (LLCs). *See Fitzpatrick v. Bank of New York Mellon*, 580 F. App'x 690, 693 (11th Cir. 2014) (applying 4(h) to an LLC). It provides that service may be made "by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process." FED. R. CIV. P. 4(h)(1)(B).

An LLC may also be served by following state law in which the district court is located or in which service is effected. FED. R. CIV. P. 4(h)(1)(A), 4(e)(1). Section 48.062 of the Florida Statutes governs service of process on LLCs in Florida. That statute sets forth a hierarchy of persons who may accept service on an LLC's behalf. Subsection (2) directs plaintiffs to first attempt service on the LLC's registered agent. *See* Fla. Stat. § 48.062. Under Section 48.091(4)(c), "A person attempting to serve process at the registered office designated pursuant to subsection (2) on a registered agent that is other than a natural person may serve the process . . . on any employee of the registered agent who is present at the designated registered office at the time of service."

## III.  Analysis

Here, the return of service demonstrates that a licensed process server served a copy of the summons and complaint on "Donna Moch, employee of registered agent company[,] at business 1200 South Pine  Island Road[,] Plantation, FL 33324" on February 6, 2026 at 1:51 pm. Doc. 9. The return of service specifies that the "registered agent company" was "C T Corporation System." Doc. 9.

Records of the Florida Department of State, Division of Corporations, confirm that C T Corporation System, located at 1200 South Pine Island Road

in Plantation, Florida, is the registered agent of Defendant Crown.[2] Because Crown's registered agent is not a "natural person," Florida Statutes section 48.091(4)(c) authorized Plaintiff to serve Crown by serving an employee of its registered agent, C T Corporation System, at the agent's designated address. Plaintiff did just that.

Crown had until February 27, 2026—21 days after being served with the summons and complaint—to answer or otherwise respond to the complaint. FED. R. CIV. P. 12(A)(1)(A). It did not.

Plaintiff has properly served Crown. *See* Doc. 9. Crown has not answered Plaintiff's compliant or otherwise demonstrated an intent to defend itself in this action, and the time to do so has expired.

## IV.   Conclusion

Accordingly, Plaintiff's motion for Clerk's default (Doc. 17) is GRANTED.

1. The Clerk is directed to enter default against Defendant Crown Asset Management, LLC.

---

[2] Records of the Florida Department of State, Division of Corporations, are available at www.sunbiz.org, a verified website of a public agency. Federal Rule of Evidence 201 permits courts to take judicial notice of "a fact that is not subject to reasonable dispute because it[ ] ... can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." FED. R. EVID. 201(b). "The court may take judicial notice at any stage of the proceeding." FED. R. EVID. 201(d).

5

2. Pursuant to Local Rule 1.10, Plaintiff shall, within 35 days of entry of the Clerk's default, apply for default judgment or file a paper identifying each unresolved issue necessary to entry of the default judgment.

DONE and ORDERED on March 3, 2026.

NATALIE HIRT ADAMS
United States Magistrate Judge